PASSAIC CITY STEAM LAUNDRY COMPANY, INCORPO-
RATED, PLAINTIFF, v. VICTOR ANTONUCCI, DEFEND-
ANT.

Submitted May 15, 1926—Decided November 6, 1926.

**Negligence—Motor Vehicle Collision—Plaintiff's Truck Ruined—
Contributory Negligence Not Shown—Plaintiff's Verdict Not
Excessive Nor Contrary to Weight of Evidence.**

On defendant's rule to show cause why plaintiff's verdict
should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and MINTURN.

For the rule, *Feder & Rinzler.*

*Contra, Irving L. Werksman.*

PER CURIAM.

This is a rule to show cause obtained by the defendant
why plaintiff's verdict should not be set aside.

The suit was for recovery of damages resulting from an
automobile collision, and the defendant counter-claimed for
damages. At the trial it appeared that the defendant's agent
was operating a jitney bus on a public street, and the plain-
tiff, by its agent, was likewise operating its truck on another
street. They collided at the intersection of such streets,
under circumstances from which the jury was justified in
finding that the plaintiff's car had the right of way under
the Motor Vehicle act. Both cars were badly damaged, and
this gives rise to the plaintiff's claim and the defendant's
counter-claim.

The jury found for the plaintiff for $1,000, and as to de-
fendant's counter-claim returned a verdict of no cause of
action.

We think that the court did not err in refusing to grant defendant's motion for nonsuit, nor in refusing to grant defendant's motion for direction of a verdict, both of which were grounded upon the alleged contributory negligence of the plaintiff. Nor can we say that the verdict was contrary to the great weight of the evidence.

We cannot say that the verdict of $1,000 was excessive. The damage done to the truck seems to have made it a complete and total wreck. It was never used after the accident and was not worth more than $20 for junk. It had been bought in March, 1924, for $1,000. It was remodeled at a cost of $500 and a body was built for laundry purposes costing $450, so that the total cost of the car to plaintiff was $1,950. This uncontradicted evidence seems to justify the verdict.

The rule will be discharged.